IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN ANTHONY GLOVER, JR., | No. 4:25-CV-00493 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| SUPERINTENDENT S.C.I. COAL TOWNSHIP, | |
| Respondent. | |

**MEMORANDUM OPINION AND ORDER**

JULY 1, 2025

Petitioner Justin Anthony Glover, Jr., is currently serving a life sentence imposed by the Court of Common Pleas of Dauphin County, Pennsylvania, for first-degree homicide, conspiracy, and abuse of a corpse.[1] In March 2025, Glover filed the instant *pro se* "protective" petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which appears to collaterally attack his 2008 state-court convictions and sentence.[2] Glover, however, has already filed one such petition in federal court that has been adjudicated and denied on the merits.[3] Because Glover has not obtained

---

[1] *See* Doc. 1 at 1.
[2] *See generally* Doc. 1.
[3] *See Glover v. Coleman*, 3:14-cv-01800, Docs. 45, 46 (M.D. Pa. Aug. 1, 2017), *certificate of appealability denied*, No. 17-2879 (3d Cir. Nov. 9, 2017), *certiorari denied*, *Glover v. Lane*, 138 S. Ct. 1991 (2018) (mem.).

permission from the appropriate court of appeals to file a second or successive Section 2254 petition, this Court must dismiss the instant petition for lack of jurisdiction.[4]

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes strict limitations on filing second or successive habeas corpus petitions in federal court.[5] Of particular relevance for Glover's instant petition, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed" unless the petitioner can satisfy one of two narrow exceptions.[6] Those exceptions are either (1) reliance on a previously unavailable "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court"; or (2) new facts that could not previously have been discovered by due diligence which would establish "by clear and convincing evidence that, but for constitutional error," no reasonable juror would have found the petitioner guilty.[7] However, even if a petitioner can potentially meet one of these exacting preconditions, he must first "move in the appropriate court of appeals for an order authorizing the district court to consider the [second or successive] application."[8]

---

[4] *See* 28 U.S.C. § 2254 Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").
[5] *See generally* 28 U.S.C. § 2244.
[6] *Id.* § 2244(b)(2) (emphasis added); *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).
[7] 28 U.S.C. § 2244(b)(2)(A)-(B).
[8] *Id.* § 2244(b)(3)(A)-(C).

In his "protective" Section 2254 petition, Glover asserts that he has filed a new petition for post-conviction relief in state court that is still pending and he is filing the instant Section 2254 petition to protect his federal statute of limitations.[9] He acknowledges that the instant petition is a second 2254 petition,[10] but claims that the AEDPA does not bar him from filing the petition.[11]

Glover is incorrect. He argues, mistakenly, that his post-conviction claims are based on "newly revealed evidence" and therefore the claims are not barred by the one-year statute of limitations in "28 U.S.C. § 2244(d)."[12] But the AEDPA's statute of limitations is a secondary concern for Glover. The primary problem, which he does not address, is that he has already filed a fully adjudicated Section 2254 petition in federal court and therefore is precluded from filing another such petition in the district court unless he first obtains authorization from the Third Circuit. The irrelevance of Glover's limitations-period argument is further demonstrated by the cases he cites for support, which concern the AEDPA's statute of limitations and equitable tolling for a *first* Section 2254 petition.[13]

---

[9]  *See* Doc. 1 at 12, 13.
[10] *See id.* at 11.
[11] *See id.*
[12] *See* Doc. 5 ¶¶ 10-14.
[13] *See id.* ¶¶ 11-14 (citing *Fielder v. Varner*, 379 F.3d 113 (3d Cir. 2004); *Pabon v. Mahanoy*, 654 F.3d 385 (3d Cir. 2011); *Holland v. Florida*, 560 U.S. 631 (2010)). Glover's reliance on *Lesko v. Secretary Pennsylvania Department of Corrections*, 34 F.4th 211 (3d Cir. 2022), is equally misplaced. In *Lesko*, the petitioner had received a new judgment of sentence, which "reset[] the count" for habeas petition-counting purposes. *See id.* at 224-25. Glover has not.

Under the AEDPA, this Court does not have jurisdiction to entertain Glover's second or successive Section 2254 petition.[14] If he desires to press a new post-conviction claim in this Court that was not raised in his initial Section 2254 petition, he must first obtain authorization from the United States Court of Appeals for the Third Circuit before filing such a second or successive habeas petition in this Court.[15] Therefore, because it is clear that subject matter jurisdiction is lacking, the instant Section 2254 petition must be dismissed.[16]

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Glover's petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice for lack of subject matter jurisdiction. The Court declines to transfer the petition to the court of appeals, as Glover's petition does not appear to meet the strict gatekeeping requirements of 28 U.S.C. § 2244(b)(2).

2. A certificate of appealability shall not issue, as Glover has not made a substantial showing of the denial of a constitutional right, s*ee* 28 U.S.C. § 2253(c)(2), or that "jurists of reason would find it debatable" whether this Court's procedural rulings are correct, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

3. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[14] *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).
[15] 28 U.S.C. § 2244(b)(3)(A).
[16] *Burton*, 549 U.S. at 157; *Benchoff v. Colleran*, 404 F.3d 812, 820-21 (3d Cir. 2005).